IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Karen Moore**, | ) | Civil Action No. 2:13-3034-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Google, Inc.**, | ) | |
| | ) | |
| Defendant. | ) | |

This action has been filed by the Plaintiff, pro se, alleging copyright infringement, theft of intellectual property, and anti-trust/restraint of trade. See Amended Complaint (Court Docket No. 26). See also, Court Docket No. 44 (supplement). On April 7, 2014, the Defendant filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 10, 2014, advising Plaintiff of the importance of a motion to dismiss or for summary judgment, and of the need for her to file an appropriate response. Plaintiff was specifically advised that if she failed to respond adequately to the Defendant's motion, this action could be dismissed. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to respond to the Defendant's motion, which is now before the Court for disposition.[1]

---

[1]Cf. Burns v. Air Liquide America, LP, 515 F.Supp. 2d 748, 759, n. 9 (S.D.Tex. 2007)[Undefended claims regarded as abandoned]; Eady v. Veolia Transp. Services, Inc., 609
(continued...)

1



**I.**

With respect to Plaintiff's copyright infringement claim, Defendant notes that this claim arises out of the purported display of portions of a book entitled "Charleston in Pictures" via the Google Books Partner Program. Amended Complaint, (Court Docket No. 26) at ¶ 1; see also Plaintiff's "Supplement" (Court Docket No. 44). The Google Books Partner Program is a service offered by Google through which publishers can post their books on Books.Google.com so that they can be searched and previewed. See Defendant's Exhibit 1 (Gratz Affidavit), attached Exhibit B.[2]

---

[1](...continued) F.Supp.2d 540, 560-561 (D.S.C. 2009)["The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."] [see n. 2, infra]. While Plaintiff has not filed a response to the Defendant's motion to dismiss, she has filed some other material with the Court. On March 25, 2014, she filed an affidavit wherein she attests that she has seen a man following her wearing a dark leather jacket and gloves. See Court Docket No. 55. Plaintiff does not make it clear in her affidavit what this information has to do with this lawsuit. On April 11, 2014, Plaintiff filed a "Certificate of Transcript", in which she stated that there would be no transcript filed in her appeal that she had filed with the Fourth Circuit. See Court Docket No. 65. That appeal has been dismissed. See Court Docket No. 68, 69. On April 15, 2014, Plaintiff notified the Clerk's office that she had a new phone number. See Court Docket No. 66.

[2]The Defendant has submitted copies of some documents referred to by Plaintiff in her Compliant as exhibits to its motion to dismiss. In considering a motion to dismiss, a court may consider the Complaint, any written instrument attached to the Compliant as an exhibit (Note: Plaintiff has attached a copy of her Copyright Registration No. Txu-1-789-616 to her Complaint), any statements or documents incorporated in it by reference, and any documents upon which the Complaint heavily relies. Asarco, LLC v. Goodwin, No. 13-3954, 2014 WL 2870117, at * 5 (2nd Cir. June 25, 2014). Otherwise, if matters outside the pleadings are presented to Court, the Court may sua sponte convert the motion to one for summary judgment if the parties are given notice and have a reasonable opportunity to present relevant evidence. Cf. Blevins v. Loranth, No. 09-788, 2010 WL 670099, at * 1-2 (D.S.C. Feb. 22, 2010). While, for the reasons set forth hereinabove, Plaintiff's case is subject to dismissal under either Rule 12 or Rule 56, it is arguable that consideration of the two (2) documents from the Defendant cited in this opinion is sufficient to convert Defendant's motion to one for summary judgment. However, even if considered by the Court as such, Plaintiff received notice of the summary judgment standard and for submitting documents in the Court's Roseboro order, she has had ample time to respond to the Defendant's filing, and she will have additional
(continued...)

2



Plaintiff alleges that she signed up for the Google Books Partner Program in 2011 and uploaded "Charleston in Pictures" to that service. Amended Complaint, (Court Docket No. 26) at ¶ 1; see also Plaintiff's "Supplement" (Court Docket No. 44). Plaintiff alleges that Google has now somehow infringed her copyright for this work through its dissemination on this website.

In order to have a copyright claim, Plaintiff must have a copyright for the work at issue. See 17 U.S.C. § 411(a); see also Collins v. Volz, No. 12-45, 2013 WL 360374, at * 4 (W.D.N.C. Jan. 29, 2013) ["[I]n order to state a claim for copyright infringement, a plaintiff must first show ownership of a valid copyright; that is, registration thereof"]. Defendant notes that while Plaintiff's Amended Complaint identifies Registration No. Txu 1-789-616 as being the registration for her copyright; see Amended Complaint, at ¶ 1(b); that registration number is not for any work entitled "Charleston in Pictures", but is for a different publication by the Plaintiff. See Plaintiff's Original Complaint (Attached Exhibit); see also Defendant's Exhibit 1 (Gratz Affidavit), attached Exhibit A; 17 U.S.C. § 409(6) [requiring that every application for registration of copyright include not just the title of the work, but any previous or alternative titles under which the work can be identified]. Therefore, Defendant asserts that it is entitled to dismissal of Plaintiff's copyright infringement claim, and the undersigned agrees. Cf. Humple v. Mueck, No. 11-477, 2012 WL 2089521, at * 2 (S.D.W.V. June 8, 2012) [Dismissing copyright infringement complaint with prejudice where the document in question was not registered]. This claim should be dismissed.

---

²(...continued)
opportunity to respond to the Defendant's exhibits as part of the objection period to this Report and Recommendation, following which the Defendant's motion is considered de novo. Therefore, Plaintiff would not be prejudiced if the motion is considered under the Rule 56 standard for review.



## II.

With respect to Plaintiff's claim for "intellectual property theft", Plaintiff complains in her Amended Complaint that she took some cell phone photographs and that Picasa software was then used to "sync" these photos to a Google website account. Plaintiff alleges that this happened even though she had disabled this feature on her phone in order to keep control of her work until she was able to copyright it. Plaintiff then alleges that this occurrence has caused her to believe that the Defendant has been using copies of her book without her permission (the connection between the two is unclear), and that this somehow violated the Clayton Act of 1914. Specifically, Plaintiff asserts price discrimination under § 1(a) of that Act, which is codified at 15 U.S.C. § 13(a). See Amended Complaint, at ¶ 2.

In order to set forth a viable claim under this Statute, Plaintiff must show sales of goods of like grade and quality in interstate commerce, and that the seller discriminated in the price of these goods so as to injure, destroy or prevent competition. Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC, No. 08-291, 2009 WL 606218, at * 8-9 (W.D.N.C. Mar. 9, 2009), citing Volvo Trucks N.Am., Inc. v. Reeder-Simco GMC, Inc., 546 U.S. 164, 175 (2006). Defendant correctly notes that Plaintiff has identified the sale of no goods (further noting that the Google Books Partner Program and Picasa are both service websites), nor has she identified any sales occurring in interstate commerce, at any price. Rather, Plaintiff makes only conclusory claims about how she believes the Defendant has been using copies of her book (presumably "Charleston in Pictures") without her permission. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim].

Therefore, Defendant asserts, and the undersigned again agrees, that Plaintiff has failed



to state a claim with respect to this allegation. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) [Claim subject to dismissal where Plaintiff fails to set forth sufficient factual matters to state a plausible claim for relief "on its face"]; see also Smith v. City of North Charleston, 401 F.Supp.2d 530, 532-533 (D.S.C. 2005)[Rule 56(c) mandates the entry of summary judgment when the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case] [if considered as motion for summary judgment]. This claim should be dismissed.

### III.

Plaintiff's final claim in her Amended Complaint is that the Defendant engaged in an unlawful "restraint of trade" because, apparently, she had taken a photo of herself which was subsequently "conspicuously missing from the collection of photos that were stored on [Plaintiff's] laptop and hard drive". Plaintiff alleges that "someone" removed this one photograph from her collection, although she does not identify who this person was. See Amended Complaint, at ¶ 3.[3]

Defendant argues that the Amended Complaint does not contain sufficient factual allegations to show that Google played any role in the deletion of a photo from Plaintiff's computer, nor does she identify any legal basis for a claim against Google based on that deletion. The undersigned agrees. Ashcroft, 129 S.Ct. at 1949; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House, 824 F.Supp. at 485 [Plaintiff's conclusory allegations insufficient to

---

[3]Plaintiff does indicate that a member of her family had become angry at her for trying to bring her computer on a family vacation, but it is unknown whether Plaintiff believes this family member is the one who deleted the photo at issue from her computer. See Amended Complaint, at ¶ 3(a).



maintain claim]. Therefore, this claim should be dismissed.

## Conclusion

The Defendant has moved for dismissal of all of Plaintiff's claims. As previously noted, Plaintiff has failed to respond to the Defendant's motion or the arguments set forth therein. Based on the foregoing, it is recommended that the Defendant's motion be **granted,** and that this case be **dismissed**. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts against a named Defendant sufficient to state a claim against that Defendant]; Iqbal, 129 S.Ct. at 1949 [Plaintiff must state a plausible claim for relief against a named Defendant]; Smith, 401 F.Supp. 2d at 532-533 [Rule 56(c) mandates the entry of summary judgment when the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case] [if considered as motion for summary judgment].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 11, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

