IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Karen Moore, | ) | Civil Action No. 2:13-3034-RMG |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Google, Inc., | ) | |
| Respondent | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. No. 57) and Plaintiff's Motion for Recusal. (Dkt. No. 85). As explained herein, the Court adopts the Magistrate's Report and Recommendation ("R&R") (Dkt. No. 70), grants Defendant's motion, and denies Plaintiff's motion.

## I. Background

Plaintiff, Karen Moore, proceeding pro se, brings an action alleging copyright infringement, theft of intellectual property, and anti-trust/restraint of trade. (Dkt. No. 26). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, the matter was automatically referred to a Magistrate Judge for pretrial proceedings and is now before the Court for disposition. Defendant filed a Motion to Dismiss for Failure to State a Claim (Dkt. No. 57) on April 7, 2014. The Magistrate Judge filed a *Roseboro Order* on April 10, 2014, directing Plaintiff to respond to the motion and explaining that the case could be dismissed if she did not respond. Despite the warning, Plaintiff failed to respond to the motion. After the Magistrate Judge filed the instant R&R, which recommends granting Defendant's motion, Plaintiff filed an

objection to the R&R on July 23, 2014 (Dkt. No. 73) arguing that the Magistrate Judge was biased and should be recused. She then filed a Motion for Extension of Time to File a Response as to the Roseboro Order. (Dkt. No. 80). This Court entered a text order on August 29, 2014 explaining that as Plaintiff was already more than 90 days past her deadline to respond to the Motion to Dismiss, that the motion for an extension of time was denied, but that she was granted leave to file a second objection to the R&R so that she could address the legal arguments and conclusions contained in the R&R as to the merits of the case. On September 9, 2014, Plaintiff filed a Motion for Recusal, and on September 10, 2014, Plaintiff filed a second objection to the Report and Recommendation, which argues that the Court should enter a default judgment against Defendant. (Dkt. No. 86).

## II. Discussion

### A. Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### A. Plaintiff's Motion to Recuse

The Court finds that the motion to recuse lacks any merit and does not state a proper basis for recusal. *See* 28 U.S.C. § 455. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard under § 455(a) is objective reasonableness and

is not to be construed to require recusal on spurious or loosely based charges of partiality." *McBeth v. Nissan Motor Corp. U.S.A.*, 921 F. Supp. 1473, 1477 (D.S.C. 1996). Here, the Court finds that Plaintiff's allegations are spurious and loosely made. Thus, the Court denies the motion to recuse from this case.

Plaintiff presents eight issues (Errors 1 through 8) that she claims show bias on the part of the Court, none of which are meritorious. Error 1 argues that the Court's requirement that she put her complaint in proper form "gave the defendant an unfair advantage" in that it gave them more time to answer the complaint. (Dkt. No. 85 at 2). Requiring filings to be in proper form is standard practice of the Court and does not show bias. Error 2, Error 3, and Error 4 all allege that the Court showed bias in declining to issue a default judgment against Defendant. (*Id.* at 2-3). As discussed in Part B, a default judgment is not warranted in this case and the Court's decision not to issue one shows no bias. Error 5 argues that the court should not have required a second summons to be filed with the amended complaint. A timely summons is required for any pleading asserting a claim, pursuant to South Carolina Local Rule 4.01. Compliance with this rule does not show bias by the Court. Error 6 and Error 8 allege that the date that the clerk's office lists for her amended complaint is different than the date she actually filed it, which constitutes "a push to undermine [her] case in the defendant's favor" and show that the Court is "waiting for [Plaintiff] to succumb to [her] cancer." (Plaintiff first filed her amended complaint on February 14, 2014, but because it was not in proper form, the Magistrate Judge ordered Plaintiff to file the complaint in proper form (*see id.* at 3-4). This procedural delay does not demonstrate bias, and Plaintiff's health is not a consideration in the Court's decisions. Error 7 alleges that Plaintiff was encouraged to mail her filings to the court, and that this constituted "an attempt to sabotage the case." Parties who are not represented by attorneys are all required to

file papers with the court in the traditional filing method, i.e. in paper. *See* Electronic Case Filing Policies and Procedures for the District of South Carolina at 3.3; 1.11. Application of this rule to Plaintiff does not show bias by the Court.

### B. Plaintiff's Default Judgment Arguments

Plaintiff's only argument in her objections to the Report and Recommendation (Dkt. No. 86) is the same one put forth in her prior filings, an assertion that she is entitled to a default judgment against Defendant Google. (*e.g.* Dkt. Nos. 22, 31, 40, 73 and 86). She misreads Federal Rule of Civil Procedure 55, confusing an entry of default by the clerk's office with entry of a default *judgment*, which is only available upon application to the Court. FRCP 55(B)(2).

As an initial matter, Defendant Google's answer to the amended complaint was due, as set by the Court, on April 9, 2014, 21 days after delivery of the court-issued summons (Dkt. No. 56), and it filed its Motion to Dismiss April 7, 2014. In other words, Plaintiff is mistaken in her assertions as to Google's failure to respond in time to her amended complaint.

However, even if Plaintiff were correct in her calendar calculations, and Google had in fact been in default before it filed its motion, she would not be entitled to a default judgment. Entry of default judgment is left to the discretion of the court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005) (citing *Dow v. Jones,* 232 F.Supp.2d 491, 494 (D. Md. 2002)). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow,* 232 F.Supp.2d at 494-95 (citing *United States v. Shaffer Equip. Co.,* 11 F.3d 450, 453 (4th Cir.1993)), but default judgment *may* be appropriate when the adversary process has been halted because of an essentially unresponsive party. *See Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C. Cir. 1970)). In other words, default judgments are devices available to the Court to

manage cases where defendants refuse to participate in judicial proceedings; they are not prizes available for Plaintiffs to claim if they have the good fortune of suing a party that misses a court deadline. Here, far from being unresponsive, Defendant has argued the merits of the case and Plaintiff has not. Granting default judgment to the Plaintiff is not only not required; it would be an inappropriate use of judicial discretion in this case.

### C. Defendant's Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the

pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

With respect to Plaintiff's claims, the R&R correctly describes the facts of the case and the applicable law. Plaintiff has alleged copyright violation, theft of intellectual property, and anti-trust/restraint of trade. However, Defendant has presented evidence that Plaintiff does not hold a copyright for the work she names in her complaint ("Charleston in Pictures"). (R&R at 3). As this evidence is undisputed by Plaintiff, and the complaint therefore has no facial plausibility, the Court agrees with the Magistrate Judge's recommendation and dismisses this claim.

With respect to the intellectual property theft claim, which Plaintiff argues under § 1(a) of the Clayton Act of 1914, Plaintiff has identified no sale of goods occurring in interstate commerce that would be regulated under the Clayton Act. She seems to argue that a photo was "expressed" before she had a chance to copyright it (Dkt. No. 26 at 3-4), but she does not identify how she believes Google used the alleged missing photo, or how such use could have restricted her own market activity. Her conclusory allegations, unsupported by a clear line of reasoning, or any evidence, are insufficient to maintain a claim, and the claim is therefore dismissed.

Finally, Plaintiff alleges that "someone" removed a photograph from her laptop and hard drive, and that Google is therefore liable for "restraint of trade." The Court agrees with Defendant and the Magistrate Judge that this allegation does not contain sufficient factual allegations to show Google's connection to such a missing photo, or any legal implications thereof. *See, e.g. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007). This claim is therefore dismissed as well.

6

### III. Conclusion

For the reasons articulated herein and by the Magistrate Judge, Plaintiff's Motion for Recusal is **DENIED**, Defendant's Motion to Dismiss is **GRANTED,** and the complaint is hereby **DISMISSED**.

**IT IS SO ORDERED**.

Richard M. Gergel
United States District Judge

September 30, 2014
Charleston, South Carolina